REDMANN, Judge
(dissenting).
The contract does provide that the agent’s commission is “earned” on acceptance of the offer, and that (as between buyer and seller) the seller is to pay that particular cost of the sale.
Nevertheless the printed contract — supplied by the real estate agent — also provides ;
“Either party hereto who fails, for any reason whatsoever, to comply with the terms of this offer, if accepted, is obligated and agrees to pay the agent’s commission . . . .”
It adds insult to injury to say that the seller “failed to comply” with her obligation to sell. How relieved the seller should have been had the buyer persisted in buying the hurricane-inundated house! But the buyer refused to buy. It was thus the buyer, not the seller, who “failed, for any reason whatsoever to comply”.
Accordingly, even if it is “earned”, the seller does not owe the commission. If anyone does, it is the buyer.
The buyer, however, had the “choice either to take [the damaged house] in the state in which it is, or to dissolve the contract.” C.C. 2471.
The buyer’s lawful election to “dissolve the contract,” even over the objection of the seller, put an end also to the contract’s provision obliging the buyer to pay the agent’s commission as a penalty for “failing to comply”.